UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21496-EA

GENIUS GROUP LIMITED,

    Plaintiff,

vs.

PETER B. RITZ, MICHAEL MOE,
JOHN CLAYTON, and MICHAEL CARTER,

    Defendants.
_____/

**DECLARATION OF ALYSSA FELDMAN**
**IN SUPPORT OF REQUEST TO ENTER DEFAULT**
(Fed. R. Civ. P. 55(a))

I, ALYSSA FELDMAN, declare under penalty of perjury, the following:

1. I am an attorney at The Basile Law Firm P.C., counsel for the Plaintiff Genius Group Limited, in the above-captioned matter, and I am fully competent to make this declaration, having personal knowledge of the facts stated herein.

2. I am admitted *pro hac vice* to practice before this Court. (*See* Order Granting Mot. to Appear *Pro Hac Vice*, filed Apr. 4, 2025, ECF No. 11.)

3. On June 2, 2025, a summons was issued for service upon Defendant John Clayton at his last known physical address, 2157 S. Lincoln St. Salt Lake City, Utah 84106. (*See* Summons Issued June 2, 2025, ECF No. 24.)

4. Thereafter, between June 16 and July 18, 2025, Plaintiff made, through the use of two different individual process servers, 11 attempts to effectuate personal service upon John Clayton, at the above-stated residential address listed, *inter alia*, in documents publicly filed by Defendant Clayton with the U.S. Securities and Exchange Commission (SEC). (*See* **Exhibit 1**, Aff. of Compliance of Alyssa Feldman ¶¶ 5-6, dated Aug. 11, 2025, ECF No. 36; Affidavits of Dax Wilson dated July 6, 2025, and Henry N. Perez Mendoza dated July 18, 2025, ECF No. 36-1.)

5. These attempts to personally serve Defendant Clayton were made on different days of the week, at different times of the day, in order that Defendant Clayton be found. However, upon information and belief, Defendant Clayton is concealing his whereabouts for the purpose of

evading service of process. (*See* **Exhibit 1**, Aff. of Compliance of Alyssa Feldman ¶¶ 7-8, ECF No. 36.)

6.  On July 23, 2025, a summons was issued for service upon Defendant John Clayton through the Florida Secretary of State (Summons Issued July 23, 2025, ECF No. 32), and, on July 24, 2025, Plaintiff initiated substituted service upon Defendant John Clayton. (*See* **Exhibit 1** ¶ 9; Email Confirmation of Submission Received by Fla. DOS, dated July 24, 2025, ECF. No. 36-3.)

7.  On July 27, 2025, Plaintiff received from the Florida Secretary of State a response letter notifying Plaintiff that service of process had been accepted for John Clayton. (*See* **Exhibit 1** ¶ 10; Fla. Sec. of State Response Letter No. 250724037SOP.01, dated July 27, 2025, ECF No. 36-4.)

8.  Service of process was effectuated upon Defendant John Clayton, under Fla. Stat. § 48.161, on July 24, 2025, the date the service was received by the Florida Department of State. *See* Fla. Stat. § 48.161(7). A file-stamped copy of the amended complaint, filed with the Court on May 20, 2025, at ECF No. 17, is attached hereto as **Exhibit 5**.

9.  On August 5, 2025, pursuant to Fla. Stat. § 48.161(2), the notice of service and a copy of the summons and amended complaint was mailed, through the U.S. Postal Service by Certified Mail, to Defendant Clayton's last known physical address, 2157 S. Lincoln St. Salt Lake City, Utah 84106, and by electronic mail to Defendant Clayton's current counsel of record in the SEC enforcement action entitled, *Securities and Exchange Commission v. John S. Clayton, et al.*, 2:24-cv-00918-RJS-DBP (D. Utah Dec. 11, 2024), Alexander Curtis Baker, at [Acbaker@spencerfane.com](mailto:Acbaker@spencerfane.com), and Brent R. Baker, at [Bbaker@spencerfane.com](mailto:Bbaker@spencerfane.com). (**Exhibit 1**, Aff. of Compliance of Alyssa Feldman ¶ 11, dated Aug. 11, 2025, ECF No. 36; **Exhibit 2**, Cert. of Substituted Service on John Clayton dated Aug. 5, 2025, ECF No. 34; Cert. Mail Receipt, ECF. No. 34-1.)

10. Alyssa Feldman certified that service upon Defendant Clayton was completed under Rule 4(e)(1) of the Federal Rules of Civil Procedure, by the mailing the summons and amended complaint on August 5, 2025, in a Certificate of Substituted Service dated August 5, 2025. A file-stamped copy of the Certificate of Substituted Service, filed with the Court on August 5, 2025, at ECF No. 34, is attached hereto as **Exhibit 2**.

2

11.     Finally, on August 11, 2025, pursuant to Fla. Stat. §§ 48.161 and 48.181, Alyssa Feldman filed an Affidavit of Compliance of Substituted Service to show that due diligence was exercised in attempting to locate and effectuate personal service upon Defendant Clayton, before using substituted service under the foregoing statutes. A file-stamped copy of the Affidavit of Compliance of Alyssa Feldman, filed with the Court on August 11, 2025, at ECF No. 36, is attached hereto as **Exhibit 1**.

12.     On or about August 19, 2025, the certified mailing that was sent to John Clayton on August 5, 2025, was returned to the office of The Basile Law Firm P.C., with a notation that the address, 2157 S. Lincoln St. Salt Lake City, Utah 84106, was vacant.

13.     On September 4, the papers again were sent by certified mail, with a return receipt requested, to a different physical address, listed in corporate filings as Defendant Clayton's, 440 E. 400 S., Unit 300, Salt Lake City, Utah 84111, as well as to Defendant Clayton's counsel of record in the SEC enforcement action. On September 5, 2025, Alyssa Feldman filed with the Court, at ECF No. 65, a Certificate of Substituted Service, a file-stamped copy of which is attached hereto as **Exhibit 3**.

14.     On or about September 19, 2025, the certified mailing that was sent to John Clayton on September 4, 2025, was returned to the office of The Basile Law Firm P.C., with the notation "AKN," a shorthand for "Attempted – Not Known," which is understood from the USPS website to mean, "delivery attempted; addressee not known at place of address."

15.     On September 19, the papers again were sent to the same address as the September 4 mailing, this time without requesting a return receipt. A file-stamped copy of the third Certificate of Substituted Service, filed with this Court on October 6, 2025, at ECF No. 69, is attached hereto as **Exhibit 4**.

16.     John Clayton has failed to serve and file an answer or otherwise respond to the amended complaint.

17.     Under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the 21-day time limit for responding to the amended complaint has now expired, and the time for John Clayton has not been extended by any stipulation of the parties or any order of the Court.

18.     Public information confirms that John Clayton is not a minor, an incompetent person, or a member of the armed forces.

Signed by me on <u>October 7, 2025</u>, at <u>Jericho, New York</u>.

**THE BASILE LAW FIRM P.C.**

<u>/s/ Alyssa Feldman</u>

Alyssa Feldman, Esq. *(Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:    (516) 455-1500
Email: alyssa@thebasilelawfirm.com

Agapija Cruz, Esq.
365 Fifth Avenue S., Suite 202
Naples, Florida 33472
Tel.:    (239) 232-8400
Email: agapija@thebasilelawfirm.com

Mark R. Basile, Esq. *(Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:    (516) 455-1500
Email: mark@thebasilelawfirm.com

Joseph F. Rose, Esq. *(Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:    (516) 455-1500
Email: joe@thebasilelawfirm.com

*Counsel for Plaintiff Genius Group Limited*